**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

REBECCA GONZALES,

       Plaintiff,

v.                                  No. 1:24-cv-0840 DLM

FRANK BISIGNANO,
Commissioner of the Social
Security Administration,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Rebecca Gonzales's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (Doc. 23.) Gonzales seeks $25,513.98 in attorney's fees based on 32.0 hours of work at a rate of $797.31 per hour. (*See id.* at 1, 3, 6.) The Commissioner responded and confirmed he "neither supports nor opposes" the requested fee. (*See* Doc. 24 at 1.) Having considered the record, submissions of counsel, and relevant law, the Court will **GRANT IN PART** the motion.

## I.      Relevant Background

Gonzales filed an application for disability insurance benefits (DIB) with the Social Security Administration on November 24, 2020. (*See* Doc. 23 at 1.) Disability Determination Services (DDS) denied her application initially and on reconsideration, and Administrative Law Judge (ALJ) Michael Leppala issued an unfavorable decision finding Gonzales not disabled. (AR at 14–35, 79–119.) On appeal to the District of New Mexico, Gonzales filed an Opposed Motion to Remand (Doc. 16), and the Commissioner then filed an Unopposed Motion to Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), which the Court granted. (*See* Docs. 18–20.)

On remand, Gonzales received a fully favorable decision. (*See* Doc. 23 at 2 (citing Doc. 23-1).) In its Notice of Award, the Social Security Administration informed Gonzales that it was withholding 25 percent of her past due benefits—or $25,513.98—to pay her representative.[1] (*See id.* (citing Doc. 23-2).) The Court previously granted attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $7,700.00. (*See* Doc. 22.)

Gonzales now asks the Court to award her attorney, Benjamin Decker of Decker Griffel, LLC, a fee of $25,513.98, which is 25 percent of Gonzales's total past-due benefits. (*See* Doc. 23 at 1–2, 6.) Decker has represented Gonzales since September 5, 2024. (*See* Doc. 23-3 at 2.) Decker, an attorney with 18 years' experience, worked on Gonzales's case for 32.0 hours. (*See* Docs. 23 at 2, 5–6; 23-3 ¶ 5; 23-4.)

## II.    Legal Standard

Attorneys who litigate on behalf of "Social Security claimants may receive fee awards under both the EAJA and 42 U.S.C. § 406." *See Ortega v. Kijakazi*, No. 1:20-cv-1245 GBW, 2023 WL 372878, at *2 (D.N.M. Jan. 24, 2023). An attorney who receives a fee award under both the EAJA and § 406(b) "must refund the smaller award to the claimant." *Id.* at *2 n.2 (citing *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986)). Fees may be awarded by the Court under § 406(b) upon receipt of past-due benefits. *Id.* at *2 (citing *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006)). In awarding fees, the Court is guided "by two conditions: a 25 percent cap and a reasonableness standard." *Id.* Section 406(b)(1)(A) provides that fees may not exceed 25 percent of the total past-due benefits awarded to a plaintiff following a favorable judgment. *See id.* "This

---

[1] The Notice of Award (Doc. 23-2) states that the Social Security Administration withheld $25,513.98 to pay counsel, which the agency represents as 25 percent of Gonzales's past-due benefits. The total past-due benefits amount is not stated in the record, and the Court relies on the agency's calculation for purposes of applying § 406(b)'s 25 percent cap.

cap applies 'only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b).'" *Id.* (quoting *Culbertson v. Berryhill*, 583 U.S. 53, 62 (2019)). The Court is further directed to award "reasonable" fees. *See id.* (citing 42 U.S.C. § 406(b)(1)(A)). It is the burden of the claimant's attorney to show the requested fee is reasonable. *Id.* (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).

To determine whether a requested fee award is reasonable, the Court examines "the character of the representation and the results the representative achieved." *Id.* (quoting *Gisbrecht*, 535 U.S. at 808). The Court may "consider factors such as (1) whether the representation was substandard, (2) whether the attorney was responsible for any delay that caused benefits to accrue, and (3) whether the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* (citing *Gisbrecht*, 535 U.S. at 808; *Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010)). With respect to the third factor, the Court guards against a windfall award by comparing the requested fee to other awards in this district. *See id.* (citing *Gisbrecht*, 535 U.S. at 808).

### III.    Analysis

Gonzales requests a fee of $25,513.98, which is 25 percent of her total past-due benefits and within the 25 percent cap permitted under § 406(b). (*See* Doc. 23 at 1, 5–6.)

The Court finds the representation was adequate, as Gonzales received a favorable decision. (*See id.* at 2.) There is no evidence that counsel excessively delayed the proceedings. Gonzales requested and received two 30-day extensions to file the motion to remand. (*See* Docs. 12-15.)

Lastly, the Court examines the proportionality between the fee amount and the attorney's time commitment to the case. *See Gordon*, 361 F. App'x at 935. Gonzales's attorney, who is experienced in this area, spent 32.0 hours on this matter, which appears to be reasonable. (*See* Doc.

23-4.) *See also Martinez v. Colvin*, No. 1:15-cv-0806 LF, 2016 WL 9774938, at *2 (D.N.M. Nov. 30, 2016) (gathering cases). At $25,513.98, the fee requested for 32.0 hours of work equates to $797.31 per hour. This rate is "higher than the average [hourly rate] for Section 406(b) fees recently authorized in [the District of New Mexico] . . . ." *See Gabrielle H. v. Dudek*, No. 1:21-cv-00461 KRS, 2025 WL 894937, at *3 (D.N.M. Mar. 24, 2025) (finding an $835/hour Section 406(b) fee for 22.1 hours as excessive in light of awards ranging from $268.22 to $636.70/hour for comparable or greater hours worked) (citing *Esperanza L. v. Colvin*, No. 1:23-cv-0478 KRS, 2025 WL 212316, at *2 (D.N.M. Jan. 16, 2025) (23.6 hours for an hourly rate of $462.08); *Audry R. v. Colvin*, No. 1:22-cv-0474 KRS, 2024 WL 5076214, at *2 (D.N.M. Dec. 11, 2024) (29.6 hours for an hourly rate of $537.30); *Ornelas v. O'Malley*, No. 1:21-cv-1031 KRS, 2024 WL 3045280, at *2 (D.N.M. June 17, 2024) (37.7 hours for an hourly rate of $268.22); *Maldonado v. Kijakazi*, No. 1:20-cv-1119 KRS, 2023 WL 5748757, at *3 (D.N.M. Sept. 6, 2023) (37.8 hours for an hourly rate of $636.70); *Lovato v. Kijakazi*, No. 1:20-cv-0187 KRS, 2023 WL 1765380, at *3 (D.N.M. Feb. 3, 2023) (24.5 hours for an hourly rate of $524.98)). Because the requested fee's rate far exceeds other comparable fees awarded in this district, it is not reasonable under the third *Gisbrecht* factor.

Gonzales asserts that "[a] reasonable hourly rate for an attorney with such experience is between $400 and $1000 per hour." (*See* Doc. 23 at 3 (citations omitted).) It is unclear whether all cases Gonzales relies on here are from this District. (*See id.*) Regardless, she cites only one case that awarded an hourly rate higher than what she is requesting in this case: *Kelley v. Saul*, No. 1:16-0618 GJF, 2020 WL 3893055, at *3 (D.N.M. July 10, 2020) (approving an hourly rate of $1,073.86). (*See id.*) In *Kelley*, however, the court found it noteworthy that the claimant's counsel had been in private practice for approximately 30 years and that their practice consisted largely of

social security cases. *See Kelley*, 2020 WL 3893055, at *1. On that basis, *Kelley* is distinguishable. *See also, e.g.*, *Baca v. Bisignano*, No. 1:22-cv-0178 DHU/DLM, 2025 WL 2260248, at *3 (D.N.M. July 30, 2025), *R&R adopted*, 2025 WL 2549437 (D.N.M. Sept. 4, 2025) (reducing hourly rate from $918.37 per hour to $670.00 per hour); *Gabrielle H. v. Dudek*, No. 1:21-cv-00461 KRS, 2025 WL 894937, at *3 (D.N.M. Mar. 24, 2025) (reducing hourly rate from $835.00/hour to $670.00/hour).

The Court finds that a reasonable hourly fee is $670.00, resulting in an attorney fee award of $21,440.00.

**IT IS THEREFORE ORDERED** that Gonzales's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 23) is **GRANTED IN PART**. The Court authorizes $21,440.00 in attorney fees for legal services rendered in this Court, to be paid by the Social Security Administration out of Gonzales's past-due benefits in accordance with agency policy.

**IT IS FURTHER ORDERED** that counsel shall refund to Gonzales the EAJA fee of $7,700.00 previously awarded by this Court in accordance with *Gisbrecht*, 535 U.S. at 796.

**IT IS SO ORDERED**.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

5